**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

                                                                **Case No. 10-13024**

          **Plaintiff,**                                        **Hon. Gerald E. Rosen**

**-v-**

**JOHNIEMAE CORLEY,**

          **Defendant.**
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____January 28, 2011_____

PRESENT:  Honorable Gerald E. Rosen
                     United States District Chief Judge

## I.  INTRODUCTION

The above-captioned breach of contract action based on a default on a student loan guaranteed under  Title IV-B of the Higher Education Act of 1965 is presently before the Court on Plaintiff's November 24, 2010 Fed.  R.  Civ.  P.  56 Motion for Summary Judgment. Defendant has not responded to Plaintiff's Motion and the time for doing so has long expired. Having reviewed and considered the Plaintiff's brief and supporting evidence, and the entire record of this matter, the Court has determined that oral argument is not necessary.  Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), this matter will be decided on the briefs.  This Opinion and Order sets forth the Court's ruling.

## II. <u>FACTUAL BACKGROUND</u>

Plaintiff United States of America is the holder of the loan at issue.  The loan had originally been executed by Educational Funding Services and was guaranteed by Higher Education Assistance Foundation.   The loan was also reinsured by the Department of Education under the loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq*. (34 C.F.R. § 682).

The Defendant, Johnie Mae Corley, executed a promissory note on February 10, 1988, to secure an educational loan of $2,625.00 from Educational Funding Services at 8 percent interest per annum.  On June 23, 1989, Ms. Corley defaulted on the obligation to re-pay the loan.  The holder of the loan at that time, Educational Funding Services, filed a claim on the guarantee.  Due to the default, the guarantor, the Higher Education Assistance Foundation, paid a claim in the amount of $2,811.28 to Educational Funding Services.   Higher Education Assistance Foundation was then reimbursed for the claim payment by the United States Department of Education under the Department's reinsurance agreement.   After the guarantor was unable to collect the debt from Defendant, it assigned its right and title to the loan to the United States Department of Education.  It is undisputed that since the assignment of the loan, the Department of Education has received no payments for the repayment of the loan.

On July 30, 2010 the United States initiated this action in this Court.  In its Complaint, the Government claimed that it was owed a total of $7,481.08.  This amount consists of $2,811.28, in principal plus $4,669.80 interest accrued as of that date.  A sworn Certificate of Indebtedness from the Department of Education which was executed on November 19, 1998 was attached to the Complaint.  This Certificate verifies the correctness of  Defendant Corley's

indebtedness after application of all prior payments, credits and setoffs as of the date of its execution.

On August 25, 2010, Defendant Corley filed her Answer to the Complaint.  In her Answer, Defendant denied responsibility for repayment of the loan claiming that she withdrew from school and was led to believe that the school would send the money she received back to the issuer.

Discovery has now closed and Plaintiff moves for summary judgment on all claims.

### III.  DISCUSSION

### A.  STANDARDS APPLICABLE TO MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a).  In considering a motion for summary judgment, the Court must construe all reasonable inferences in favor of the nonmoving party.  *Cady v. Arenac County*, 574 F.3d 334 (6th Cir. 2009).  However, the nonmoving party may not rest merely on allegations or denials in its own pleadings, but must present some probative evidence to support its claim. *Kraft v. U.S.* 991 F.2d 292, 296 (6th Cir. 1993).  Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," the summary judgment motion should be granted. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Co.*, 475 U.S. 574, 587 (1986).

### B.  THE UNITED STATES HAS ESTABLISHED THAT THERE IS NO GENUINE ISSUE OF FACT FOR TRIAL

In order to establish a *prima* facie claim, Plaintiff must show: (1) the defendant signed the promissory note, (2) the plaintiff is the present owner or holder of the note, and (3) the promissory note is in default. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). Once the plaintiff has produced sufficient evidence to satisfy its summary judgment burden the

burden shifts to the defendant to set forth more than mere allegations or denials, but specific facts that demonstrate a genuine factual issue for trial. *Id.*

Plaintiff here has met its burden.   The promissory note attached to the Plaintiff's motion for summary judgment includes the Defendant's dated signature and sets forth the loan period.  It is uncontested that the Plaintiff is the present owner or holder of the note.  After the guarantor, the Higher Education Assistance Fund, could not collect the debt from the borrower, it assigned its rights and title to the loan to the United States Department of Education.

Also included with the Plaintiff's motion for summary judgment was a Certificate of Indebtedness from the U.S. Department of Education, San Francisco, California. The Certificate of Indebtedness establishes that the Defendant defaulted on the loan obligation on June 23, 1989. It reflects the total debt owed as of November 9, 1998, $4,846.17 (principal: $2,811.28 and interest: $2,034.89).[1]   The Certificate of Indebtedness includes an affidavit signed by the loan analyst from the U.S. Department of Education loan analyst, Linda Faatalale.  The affidavit establishes that she is familiar with the circumstances of the Defendant's loan, that she reviewed the Certificate of Indebtedness and found it to be true and accurate to the best of her knowledge, information and belief.  She also attested that the Certificate of Indebtedness is kept in the course of regularly conducted business activity and that it is regular practice to prepare the Certificates for student loans referred to the Department of Justice for collection.

The affidavit meets the requirements under Fed. R. Civ. P. 56(c)(4).  It was based on Ms. Faatalale's personal knowledge of the Defendant's loan obligation, set out facts that would be admissible in evidence and showed that the affiant was competent to testify on the matters stated. *Id.*

---

[1] Due to 8 percent interest per annum the total amount owed as of July 30, 2010 is $7,481.08.

Despite having had ample time for discovery, Defendant has not produced *any* evidence to demonstrate that despite Plaintiff's establishment of a *prima facie* case, there is a factual issue for trial. The Defendant has not rebutted the competency or accuracy of the affidavit, promissory note, nor the Certificate of Indebtedness. Rather, Defendant has only alleged that she withdrew from school before taking a single class and had been told by the financial aid/admissions office that it would send the check back to the issuer. Despite these allegations, the Defendant has not produced any evidence in support. In fact, the only evidence supporting Defendant's claim of having withdrawn from the course was provided by the Plaintiff, and this evidence demonstrates that the Defendant withdrew from the course on May 31, 1988, *three months after* the promissory note was signed (i.e., after she had been enrolled for almost an entire semester). *See* Plaintiff's Ex. D. Furthermore, other evidence supplied by Plaintiff shows that Defendant was well-aware of her continued obligation to re-pay the loan at least as of February 3, 1995 when she called her financial aid advisor in an effort to obtain additional financial aid. *See* Plaintiff's Ex. E. In any event, Defendant's mere allegations without support of evidence will not produce a genuine factual issue for trial. *See* Fed. R. Civ. P. 56 (c), (e)(2),(3).

## **CONCLUSION**

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment **[Dkt. # 9]** is GRANTED.   Accordingly,

IT IS FURTHER ORDERED that Plaintiff is entitled to a Judgment in the amount of $7,481.08, plus interest.


Dated:  January 28, 2011                         s/Gerald E. Rosen_____
                                                 Gerald E. Rosen
                                                 Chief Judge, U.S. District Court

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 28, 2011, by electronic mail and upon Johniemae Corley, 10222 Goodwin, Detroit, MI 48211 by ordinary mail.

                          s/Ruth A.Gunther
                          Case Manager
                           (313) 234-5137